## MORRIS SHAPIRO AND SADIE SHAPIRO, APPELLANTS, v. EGNAZIO CARRUBBA, RESPONDENT.

Argued May 19, 1948—Decided September 3, 1948.

For the appellants, *Maurice C. Brigadier.*

For the respondent, *Milford Salny.*

The opinion of the court was delivered by

COLIE, J. This appeal brings up for review a judgment in favor of the defendant below and respondent here, entered pursuant to an order striking the complaint as sham.

The plaintiffs, Morris Shapiro and Sadie Shapiro, contracted in writing to convey a fee-simple in certain lands in Netcong, Morris County, by bargain and sale deed, to Egnazio

Carrubba. The agreed consideration was $4,000; $200 to be paid upon the signing of the agreement; $300 on a day certain thereafter and the balance of $3,500 partly in installments and partly by purchase-money mortgage. The agreement further provided that Carrubba might, commencing upon the date that the contract was signed, enter upon the lands and take the rents, issues and profits therefrom. Pursuant thereto, he took possession. Subsequently, a title search disclosed that the plaintiffs could not deliver a fee-simple since their interest amounted only to a life estate. Thereupon the defendant made no further payments under the contract and refused to execute the purchase-money mortgage called for or to accept a deed. Additionally, the defendant asserts that he is entitled to remain in possession of the property. In this situation, the plaintiffs instituted a suit in ejectment and on a motion to strike the complaint as sham, the order was entered on which the judgment under review is founded.

The question of substantive law involved is whether a vendee in possession of lands under a contract to purchase who has refused to pay the balance of the purchase price because of a defect in the vendor's title, may continue in possession of the land. In *Whealon* v. *Collins,* 90 *N. J. L.* 29; *affirmed,* 91 *Id.* 236, a vendor brought suit against the vendee to recover for the use and occupation of premises where the vendee had refused the deed tendered by the vendor on the ground that the title was unmarketable, but had nevertheless continued in possession. At the trial, judgment was entered for the plaintiff and in affirming the judgment, the Supreme Court said: "It is argued that the plaintiff was not entitled to recover compensation for the occupation of the premises by the defendant up to the time of the making of the decree by the Court of Chancery in the specific performance suit, because during that period the defendant was in possession as an equitable vendee under the contract of sale. It may be that if the equity suit had resulted in a decree for specific performance, the defendant's occupation up to that time might be considered as not being tortious, the extent of his obligation to the plaintiff being to pay the

purchase price with interest from the date when the deed was agreed to be delivered. But whether this be the legal situation, or not, under the circumstances suggested, we have no doubt that it does not lie in the mouth of the defendant to assert in one breath that he is in possession under a valid contract of sale, and therefore not liable to make compensation for his occupation of the premises, and in the next breath assert successfully that he is under no obligation to perform the contract, and is entitled to and does repudiate it." Respondent here attempts to avoid the effect of this decision by pointing out that the cited case was a suit in damages for use and occupation, whereas the present suit is one for ejectment. The mere difference in the form of action which the plaintiff below pursued does not alter the applicable legal rule which is stated in 66 *Corp. Jur.,"Vendor and Purchaser,"* § 786, in the following language: "In case of a default by the vendor, as where the vendor's title fails, a purchaser in possession cannot retain both the possession and the purchase price; he must either rescind and surrender possession, or, if he retains possession, pay the purchase price."

For the reasons stated above, the judgment under review is reversed, with costs.

*For affirmance*—WACHENFELD, EASTWOOD, DILL, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, BURLING, JACOBS, WELLS, FREUND, McLEAN, SCHETTINO, JJ. 12.